IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES R. LUTTRELL, )
)
            Plaintiff, )
)
v. )   Case No. 17-2137-JWL
)
JAMES K. BRANNON, M.D.; )
ORTHOPEDIC SCIENCES, INC.; )
JOINT PRESERVATION INSTITUTE )
   OF KANSAS, L.L.C.; and )
DOCTORS HOSPITAL, L.L.C., )
)
           Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for leave to amend his complaint (Doc. # 60). For the reasons set forth below, the Court **grants** the motion, and plaintiff shall file his proposed amended complaint forthwith.[1]

In his original complaint, filed on March 30, 2017, plaintiff asserted claims against the four defendants for negligence, fraud, civil conspiracy, violation of the Kansas Consumer Protection Act (KCPA), breach of the implied warranty of fitness, and strict liability failure to warn. On September 1, 2017, defendant Brannon filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with respect to the KCPA

---

[1]Although the deadline for plaintiff's reply brief has not yet expired, the Court concludes that such a brief is not necessary for the resolution of this motion.

claim (Doc. # 49), which motion remains pending. Plaintiff filed the instant motion for leave to amend at the September 29 deadline for such motions under the scheduling order. Plaintiff proposes the following amendments: the addition of three defendants; new informed-consent, RICO, and alter ego claims; and additional allegations in support of the original claims.

Plaintiff seeks leave pursuant to Fed. R. Civ. P. 15(a), which provides that if leave of court is required for an amendment (as it is here), "[t]he court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). A district court may dismiss a complaint without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the plaintiff in raising the claim, *see Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party, and any undue prejudice to the opposing party by virtue of allowance of the amendment, *see Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

The four defendants filed a total of three briefs in opposition to the motion to amend. Defendants have not asserted that leave should be denied because of undue delay, bad faith, or undue prejudice; rather, defendants rely solely on their arguments

that the assertion of certain claims would be futile.[2] For instance, all three defendants argue that the proposed RICO claim is subject to dismissal for failure to state a claim. Defendant Brannon also argues that the fraud claim is futile in light of the proposed informed-consent claim; defendant has not argued, however, that the proposed informed-consent claim is subject to dismissal, and thus there is no basis to reject that amendment. Defendant Brannon also argues, as he did in his motion for judgment on the pleadings, that the KCPA claim is subject to dismissal. Defendant Doctors Hospital, L.L.C. also argues that various claims against two of the proposed new defendants are futile, but it has not explained how it has standing to oppose any such amendment on that basis.

Thus, defendants have not argued that the proposed new informed-consent and alter ego claims would be futile. Nor have defendants opposed the addition of any particular proposed allegations relating to the original claims. Accordingly, those proposed amendments are granted as unopposed. In addition, defendants have not argued that the claims against the new defendants, which arise out of the same occurrence, should not be joined with the claims against the original defendants, and the Court therefore grants the motion to amend to add such claims. Those new defendants may raise any issue concerning the viability of the claims against them in response to the

---

[2]The Court rejects the argument by defendant Doctors Hospital, L.L.C. that plaintiff has provided *too many* factual allegations in his proposed amended complaint in violation of Fed. R. Civ. P. 8's requirement of a "short and plain statement." The proposed claims are easily comprehended, and the Court does not find the length and detail of the allegations to be unreasonable or inappropriate.

3

amended complaint after they are served.

Finally, the Court concludes that defendants' arguments concerning the viability of the proposed new RICO claim and any new bases for the originally-pleaded KCPA claim are better addressed in the context of a motion to dismiss the amended complaint. Such a motion will allow for full briefing of those issues. In that motion, defendants may incorporate by reference any argument already submitted to the Court. Accordingly, the Court grants the motion to amend in its entirety.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for leave to amend (Doc. # 60) is hereby **granted**, and plaintiff shall file his proposed amended complaint forthwith.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Brannon's motion pursuant to Fed. R. Civ. P. 12(c) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 16th day of November, 2017, in Kansas City, Kansas.

                                                s/ John W. Lungstrum\_\_\_\_\_
                                                John W. Lungstrum
                                                United States District Judge

---

[3]In light of this ruling, the Court denies as moot defendant Brannon's motion for judgment on the pleadings with respect to the KCPA claim. Dr. Brannon may reassert that argument in response to the amended pleading if he so desires.